**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO.:1:09-CV-00053-TBR**

**HOLLEY PERFORMANCE PRODUCTS, INC.**                          **PLAINTIFF**

v.

**KEYSTONE AUTOMOTIVE OPERATIONS, INC.**                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff, Holley Performance Products, Inc.'s ("Holley"), Motion to Dismiss Counts II, III, and IV of Defendant's Counterclaim (Docket # 13). The Defendant, Keystone Automotive Operations, Inc. ("Keystone"), has filed a response (Docket # 22). The Plaintiff has filed a reply (Docket # 24). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Dismiss is DENIED.

Also before the Court is Defendant, Keystone Automotive Operations, Inc.'s, Motion to File an Amended Counterclaim (Docket # 21). The Plaintiff has filed a response (Docket #23). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to File an Amended Counterclaim is GRANTED.

**BACKGROUND**

Holley is a manufacturer of specialized automobile parts designed for racing and use on high-performance street-driven vehicles. Keystone is a distributor and marketer of specialty automotive equipment and accessories. Holley products can be purchased at Keystone locations. Keystone and Holley have conducted business for more than thirty years and have periodically entered various Sales Quote and Marketing Agreements for different product lines under which Keystone routinely purchased products from Holley.

On October 25, 2007, Keystone and Holley entered into a 2007-2009 Sales Quote and

Marketing Agreement for Holley Performance Products, Flow Tech, Hook, Weiand, Holley Reman Products and Earls. On May 8, 2008, the parties entered into a Revised 2007-2009 Sales Quote and Marketing Agreement for N.O.S.

Each agreement provided that Keystone would receive specific base discounts and/or volume discounts, as well as a five percent Advertising Allowance based on the previous year's purchases. These agreements did not provide specific pricing, but outlined discounts to be received by Keystone. The specific pricing information was to be provided in the form of a Price List. Each agreement also provided it would remain effective until a new written agreement had been signed and accepted by both parties.

Holley filed for Chapter 11 bankruptcy protection on February 11, 2008. During the course of Holley's bankruptcy, Keystone continued to do business with Holley and followed the terms of the agreements. On July 1, 2008, Holley's bankruptcy case was closed. Holley also changed management in 2008, and Keystone alleges the relationship between the parties also changed.

Keystone alleges that in 2008, Holley requested that Keystone take certain advertising credits in two installments rather than one, as previously done. Keystone agreed and the first installment was paid on September 1, 2008, as agreed. However, Keystone alleges the December 1, 2008, installment was not paid and Holley requested time to investigate whether there was an agreement as to two installments and if the installment was owed.

Holley alleges that from October 2008 to February 2009, Keystone purchased various products from Holley totaling $609,204.88. Holley provided these products and payment was due within sixty days. Holley alleges Keystone received credits totaling $108,621.07. Holley alleges Keystone owes $77,347.02 in deductions and charge-backs and therefore owes a total of

2

$577,930.83 to Holley. Holley states it has not received payment nor any information regarding problems for defects with the products.

Keystone alleges that in December 2008, Holley stopped filling orders from Keystone and stopped shipping goods to Keystone. Keystone states Holley later attempted to change the terms of the Agreements and to get Keystone to sign a revised agreement. Keystone refused both to alter terms or sign a new agreement. After Keystone's refusal, Keystone alleges Holley refused to allow credits to Keystone that should have been allowed under the Agreements and which had previously be allowed.

Holley filed this action April 24, 2009, alleging breach of contract. Keystone alleges in its Amended Counterclaim breach of contract, unjust enrichment and requests an equitable accounting.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual

allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

### I. Amended Counterclaim

Concerning the filing of the Amended Counterclaim, Federal Rule 15(a)(2) states "[t]he court should freely give leave [to amend pleadings] when justice so requires." The Court finds that justice so requires in the case at bar due to the pending Motion to Dismiss. Keystone in its Amended Counterclaim more sufficiently pleads its claims for unjust enrichment and equitable accounting mooting Holley's Motion to Dismiss. For these reasons Keystone's Motion to File an Amended Counterclaim is granted. Since the Amended Counterclaim has been filed as granted, the Court need not address Keystone's prior claim for breach of the covenant of good faith and fair dealing as set out in the Counterclaim.

### II. Claim for Accounting

"An accounting is a 'detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation. It is a statement in writing of debts and credits or of receipts and payments.'" *Ward v. Life Investors Ins. Co. of America*, 383 F. Supp.2d 882, 885 (S.D.Miss. 2005) (citation omitted). This is an equitable remedy which, as all equitable remedies, requires insufficiency of legal remedies. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962).

Holley asserts in its Memorandum in Support of its Motion to Dismiss that Keystone's claim for equitable accounting must be dismissed because Keystone has not met its burden of establishing

the inadequacy of the legal remedies afforded to it. Holley cites several cases which state that the claim for accounting is an extraordinary remedy which is not granted if discovery is sufficient to remedy the issues of the case. *See e.g., City of Owensboro v. Kentucky Utilities Co.*, 2008 WL 4642435 No. 4:04-cv-87-M, *2 (W.D.Ky. Oct. 15, 2008). Holley further states that "Keystone does not plead any allegations whatsoever indicating that the legal remedies afforded by a breach of contract claim are insufficient. . . . Nor does Keystone allege that the discovery available to it as part of its breach of contract claim is inadequate."

> In Count II of Keystone's Amended Counterclaim it alleges the following:
>
> Keystone's legal remedies, including the legal remedies that may be afforded to Keystone through discovery, are inadequate in this case. The accounts between Keystone and Holley are of such a complicated nature that it is necessary for a court of equity, or its specially appointed master, to unravel them. In other words, because of the nature of the relevant documents at issue in this case, there are circumstances of great complication or difficulties in the way of adequate relief at law.

This section, together with the "Relevant Facts" section of the Amended Counterclaim establishes Keystone's claim for an accounting. Holley, in its Combined Response, argues that this alteration of the Counterclaim does not cure the defect due to the fact that discovery and an adequate legal remedy are available.

Holley cites *Oil Express National, Inc. v. Latos* where the court granted the plaintiffs motion to dismiss as to the defendant's claim for equitable accounting. 966 F. Supp. 650, 652 (N.D. Ill. 1997). The court reasoned "[t]he defendants have failed to allege that an adequate remedy at law does not exist for their claim . . . and . . . the defendants are pursuing a legal remedy, a breach of contract action, in Count I of the Counterclaim." *Id.* The court went on to say that the need to examine a parties business records "is not a sufficient justification for an equitable accounting." *Id.* The court dismissed this claim without prejudice, thus allowing the defendants the opportunity to

amend their complaint. *Id.* at 652-53.

Keystone, distinguishing the cases cited by Holley, argues that it is not required to prove that there is no adequate remedy at law in order to survive a motion to dismiss. Keystone further argues that the claim for equitable accounting is appropriately pled under the liberal pleading standard set forth in the Federal Rules. Additionally, Keystone asserts that this issue is moot with the filing of its Amended Counterclaim which more sufficiently pleads the claim for accounting.

The standard for a motion to dismiss for failure to state a claim requires only that the plaintiff allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S. Ct. at 1974. The Court need not at this time determine whether or not there is in fact an adequate legal remedy available, only if it is sufficiently alleged that there is not. The Federal Rules only require a "short and plain statement." Fed. R. Civ. P. 8(a). As this is a motion to dismiss, and not for summary judgment, the burden on the plaintiff is only to allege there is no adequate legal remedy, not to establish that there is in fact no adequate legal remedy. The determination of whether a legal remedy exists is more appropriate after commencement of discovery and upon filing of summary judgment motions. The Court finds that the facts alleged in the Amended Counterclaim rise above the speculative level and thus dismissal of this claim at this time is denied.

### III. Claim for Unjust Enrichment

In an action for unjust enrichment, "a claimant shall be required to prove three elements in each case. First, a benefit must be conferred upon the defendant at the plaintiff's expense. Second, the benefit must result in an appreciation by the defendant. . Finally, acceptance of the benefit under circumstances which render its retention, by the defendant without payment of the value thereof,

6

inequitable." *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D.Ky. 1987) (internal citations omitted).  The claim for unjust enrichment is a legal fiction created to permit recovery where equity says there should be recovery, although there is no recovery in contract. *Perkins v. Daugherty*, 722 S.W.2d 907, 909 (Ky. App.1987).

Holley asserts in it Memorandum in Support of its Motion to Dismiss that Keystone fails to plead these essential elements.  Keystone asserts that under the liberal pleading standard of the Federal Rules of Civil Procedure it has sufficiently plead its claim for unjust enrichment.  Count II of Keystones Amended Counterclaim states:

> A benefit was conferred upon Holley at Keystone's expense, which benefit was conferred as a result of Keystone's purchases and Holley's inappropriate retention of certain accounting credits.  Holley experienced a resulting appreciation of that benefit.  Moreover, Holley inequitably retained the benefit without compensating Keystone for its value.

This section, together with the "Relevant Facts" section of the Amended Counterclaim establishes Keystone's claim for unjust enrichment. Holley, in its combined response, argues that this alteration of the Counterclaim does not cure the defect because the claim for unjust enrichment mirrors Keystone's contract claim.

Holley argues initially in its Memorandum in Support, and again in Combined Response, that the unjust enrichment claim mirrors the breach of contract claim and must be dismissed. Holley cites *Shane v. Bunzl Distribution USA, Inc.* for this principal.  200 Fed. Appx. 397 (6th Cir. 2006).  The court held  "[t]he facts alleged in Shane's unjust-enrichment claim mirror those alleged in his breach-of-contract claim" and affirmed the district court's dismissal of the claim. *Id.* at 404.   The court reasoned:

> The district court correctly concluded that Shane's unjust-enrichment claim was barred as a matter of law because it was 'based on the same subject matter as his

7

> breach of contract claim.' Under Kentucky law, '[t]he doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed.' As we have affirmed the district court's interpretation of the May 1995 letter as an explicit contract and the agreement between the parties, we therefore affirm the dismissal of Shane's unjust-enrichment claim.

*Id.* As evidenced by the reasoning of the court, in the *Shane* case the court had already determined the existence of a contract thus negating the ability to have any successful claim for equitable relief. In the case at bar, the Court has not yet determined there is a valid and enforceable contract.

Keystone argues that plaintiffs are permitted to plead breach of contract claims and unjust enrichment claims in the alternative. Keystone cites *U.S. ex rel. Tillson v. Lockheed Martin Energy Systems, Inc.*, which explains:

> Generally, a plaintiff may not recover on both a claim for breach of contract and a claim for unjust enrichment. However, as pointed out by the Government, a party is permitted pursuant to Fed.R.Civ.P. 8(e)(2) to "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

2004 WL 2403114, No. 5:00-cv-39-m, *26 ( W.D.Ky. Sept. 30, 2004) (citing Fed.R.Civ.P. 8(a); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 216 F.Supp.2d 251, 261 (S.D.N.Y.2002) *abrogated on other grounds by Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp.2d 258,(S.D.N.Y. 2004); *Tkachyov v. Levin*, 1999 WL 782070, *5 (N.D.Ill. Sept.27, 1999)(plaintiff may plead both breach of contract and unjust enrichment alternatively in a single complaint); *Quadion Corp. v. Mache*, 738 F. Supp. 270, 278 (N.D.Ill.1990)(same); *United States v. Kensington Hospital*, 760 F. Supp. 1120, 1135 (E.D.Pa.1991)(same)). The court in *Tillson* was ruling on a motion to dismiss for failure to state a claim and held that "at this stage of the litigation, the Court shall permit the Government to retain both the breach of contract claim and an unjust enrichment claim as alternative claims." *Id.; see also Burbick v. Premier Steel, L.L.C.,* 2008 WL

4756405, No. 08-13406, *3 (E.D.Mich. Oct. 23, 2008) (holding that on a motion to dismiss for failure to state a claim, it was proper for the plaintiff to allege a claim for unjust enrichment and breach of contract); *Matthews v. ALC Partner, Inc.*, 2008 WL 5188760, No. 2:08-cv-10636,*12 (E.D.Mich. Dec. 9, 2008)(holding that it was improper to dismiss a claim for unjust enrichment even when claims for legal remedies had been pleaded when case was in pleading stage rather than remedial stage). While Rule 8 has been amended, the rule still states "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Additionally, the Rule states the relief sought may "include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

> In a more recent slip opinion, the Eastern District of Wisconsin explained:
>
> although plaintiff may not be able to recover on both breach of contract and unjust enrichment theories, at the pleading stage of a case, a plaintiff may allege alternative or hypothetical claims. See Fed.R.Civ.P. 8(d)(2)("[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically"); Fed.R.Civ.P. 8(d)(3)("[a] party may state as many separate claims or defenses as it has, regardless of consistency"). As the court has not yet reached the issue of contract existence, plaintiff is not required to jettison any possible theories of recovery.

*Medplast Elkhorn, Inc. v. Cytocore, Inc.*, Slip Copy, 2009 WL 2503710, No. 09C0593 *1 (E.D.Wis. Aug. 17, 2009); *see also Prudential Ins. Co. of America v. Clark Consulting, Inc.*, 548 F.Supp.2d 619, 623 (N.D.Ill. 2008)(stating "[t]he law is clear that Prudential cannot recover under both a breach of contract theory and an unjust enrichment theory. Thus, if this Court determines in subsequent proceedings that an enforceable contract exists between the parties, then Prudential's unjust enrichment claim cannot stand. At this stage, however, Prudential has properly alleged the unjust enrichment claim as an alternative to its breach of contract claim.").

The standard for a motion to dismiss for failure to state a claim requires only that the plaintiff

9

allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S. Ct. at 1974. The Court need not at this time determine whether or not there is in fact a viable contract claim which destroys any claims for equitable relief; the Court need only determine if all claims are sufficiently plead. The Federal Rules only require a "short and plain statement" and "may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As this is a motion to dismiss, and not for summary judgment, the burden on the plaintiff is only to allege sufficient facts to show unjust enrichment is a plausible claim for relief. The Court finds that the facts alleged in the Amended Counterclaim rise above the speculative level.

Unlike the case in *Shane*, this case has not advanced so far that the contract has been clearly established by the Court as valid and enforceable. Therefore, similarly to the court in *Tillson*, at this early stage of litigation, it is proper for Keystone to allege both its claim for breach of contract and unjust enrichment. For these reasons, dismissal of this claim at this time is denied.

## CONCLUSION

For the forgoing reasons IT IS HEREBY ORDERED that the Plaintiff, Holley Performance Products, Inc.'s, Motion to Dismiss Counts II, III, and IV of Defendant's Counterclaim is DENIED and the Defendant, Keystone Automotive Operations, Inc.'s, Motion to File an Amended Counterclaim is GRANTED.